IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHARON BLACKSHIRE, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiff*,<br>v.<br><br>SINCERE CLIENT CARE SERVICES, LLC and ANDREA BAXTER, Individually<br><br>*Defendants* | Civil Action No. _____<br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT—CLASS ACTION

Plaintiff Sharon Blackshire ("Plaintiff"), individually and on behalf of all others similarly situated files this Original Complaint against Defendants Sincere Client Care Services, LLC and Andrea Baxter and in support states the following:

### I. SUMMARY

Plaintiff, and other Caregivers like her, were required to work in excess of 40 hours a week. Instead of paying overtime for hours worked in excess of 40 hours a week, Defendants paid Plaintiff and her fellow Caregivers a flat hourly-rate and in a manner that failed to compensate them overtime wages for overtime worked. This collective action seeks to recover the unpaid overtime wages and liquidated damages owed to these misclassified Caregivers.

### II. PARTIES

1. Plaintiff Sharon Blackshire is an individual and her Consent to proceed in this action is attached as "Exhibit A."

2. The Plaintiff and "Class Members" are Defendants' current and former hourly-paid Caregivers (including individuals who performed similar duties as "Private Sitters" or under distinct titles) who were employed during the past three years.

3. Defendant Sincere Client Care Services, LLC is a Louisiana corporation and can be served with process via its registered agent, Andrea Baxter who may be served with process at 1323 Denise Circle, Shreveport, LA 71108, or wherever she may be found.

4. Defendant Andera Baxter is an individual who may be served with process at 1323 Denise Circle, Shreveport, LA 71108, or wherever she may be found.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Louisiana because the events forming the basis of this suit occurred in this District and because Defendants reside in this District.

### IV. COVERAGE FACTS

7. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)

(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendants jointly operate a home health services business in Louisiana and have employed "Caregivers," "Private Sitters," and other hourly-paid workers that performed similar duties (collectively referred to hereinafter as "Caregivers"). These hourly-paid Caregivers makeup the Proposed Putative Class. Defendants have an annual gross volume of sales made or business done of not less than $500,000.

13. Defendant Andrea Baxter managed and controlled the day-to-day operations of Sincere Client Care Services, LLC during the relevant time period. Specifically, during the relevant time period, Andrea Baxter (1) had the power to hire and fire Plaintiff and the Class Members, (2) controlled the amount and manner in which Plaintiff and the Class Members were paid, (3) regularly controlled and established company rules for the Plaintiff and the Class Members, and (4) represented herself as a "manager" and in charge of Defendants' operations.

14. Plaintiff worked as Caregiver for Defendants during the period covered by this lawsuit and until approximately December 2017. As a Caregiver, Plaintiff's and the Class Members' primary duty was to provide home health care to the elderly and sick. Defendants paid Plaintiff and other Caregivers a flat hourly-rate in a manner that failed to compensate them properly for overtime work. During the period covered by this lawsuit and previous three years, Plaintiff and other Caregivers were only paid their hourly rate (for example $7.25 per hour) for hours worked in excess of 40 hours.

15. Plaintiff and the Class Members routinely worked over 40 hours per week during the weeks covered by this lawsuit, but were not paid overtime for doing so. Defendants knew that Plaintiff and the Class Members worked in excess of 40 hours per week and they allowed and directed them to do so. Because Plaintiff and the Class Members were employees under the law, they were entitled to receive overtime pay for all hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's overtime requirements. Defendants have been previously subject to investigations into their labor practices, which resulted in them paying some, but not all, putative plaintiffs the back wages owed. Defendants' persistent violation of the FLSA was intentional and done with reckless disregard to their legal obligations.

## VI. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other Caregivers (or some other name variation) whose primary duty was to provide home health care to the elderly and sick. Plaintiff and Class Members have the same pay

structure. Plaintiff and the Class members are all non-exempt for purposes of overtime pay under the FLSA.

17. Defendants violated the FLSA by failing to pay Plaintiff or the Class Members overtime wages for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid a flat hourly rate that failed to compensate them properly for overtime hours because they were not paid overtime compensation for any hours they worked in excess of 40 during any workweek. Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regards to pay is typical of the experiences of the Class Members.

18. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment. All Class Members, irrespective of their particular job requirements, are entitled to compensation for overtime hours worked at the federally mandated overtime wage rate. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendants' FLSA liability. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants jointly and severally as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d.  For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

__/s/S<small>ARAH GIGLIO</small>_____
**S<small>ARAH</small> G<small>IGLIO</small>**
*L<small>OCAL</small> C<small>OUNSEL</small>*
Louisiana Bar No. 36272
G<small>ILMER</small> & G<small>IGLIO</small>, L.L.C.
3541 Youree Drive
Shreveport, Louisiana 71105
318.459.9111 phone
318.602.4716 fax
sarah@gilmergiglio.com

**AND**

**M. S<small>HANE</small> M<small>C</small>G<small>UIRE</small>***
*L<small>EAD</small> C<small>OUNSEL</small>*
Texas Bar No. 24055940
T<small>HE</small> M<small>C</small>G<small>UIRE</small> F<small>IRM</small>, PC
102 N. College, Suite 301
Tyler, Texas 75702
903.630.7154 phone
903.630.7173 fax
shane@mcguirefirm.com
*Pending forthcoming application
to appear *pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is the Original Complaint and will be served on all Defendants along with the summons and in accordance with the Federal Rules of Civil Procedure.

/s/ *Sarah Giglio*